UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DONALD PEGUES,

                Plaintiff,

      -against-

JOHN DOES # 1-5, Correctional Officers at MDC;
LIEUTENANT JOHN DOE in the Special Investigative
Service; JOHN DOE JONES, Unit Team Officer;
S.H.U. LIEUTENANT JOHN DOE; and JOHN DOE
WARDEN

                Defendant.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

15-CV-5909 (BMC)(SMG)

GOLD, United States Magistrate Judge:

*Pro se* plaintiff Donald Pegues initially brought this action against the Bureau of Prisons' ("BOP") Metropolitan Detention Center ("MDC") by filing a complaint in the United States District Court for the Southern District of New York, from whence it was transferred to this Court on October 14, 2015. By Order dated October 28, 2015, the Honorable Brian M. Cogan granted plaintiff's application to proceed *in forma pauperis*, dismissed the named defendant, and directed plaintiff to file an amended complaint within twenty (20) days. Plaintiff filed his Amended Complaint on November 12, 2015.

## BACKGROUND

In his Amended Complaint, plaintiff alleges that John Doe Correctional Officer ("John Doe # 1") "never conducted his rounds, every half hour to insure the safety and security of the inmates" on March 27, 2013. (Amend. Compl. ¶ 1.) He further alleges that John Doe Correctional Officers from the a.m. and p.m. shifts ("John Doe # 2" and "John Doe # 3") failed to conduct cell searches on March 26, 2013 or at any time during the previous week. (Amend. Compl. ¶ 2.) As a result, plaintiff alleges, he was stabbed in the left side of his face with an

"unknown silver object" (Amend. Compl. ¶¶ 1, 3) "due to an altercation with Roberto Duvorte" around 10 a.m. on March 27, 2013. (Compl. at 2.) Plaintiff alleges that after the fight, he and other inmates were handcuffed and escorted to the S.H.U. "While in cuffs in the fifth floor corridor, Officer John Doe [# 4] who was [escorting] me, along with another officer John Doe [# 5], I was slammed on my face, opening my wound more." (Amend. Compl. ¶ 4.) Plaintiff received eight stitches and was housed in the S.H.U.

Plaintiff was interviewed by Lieutenant John Doe "in the S.I.S. unit" ("Lieutenant John Doe") and was told that the cells had been searched and rounds were made on Unit 53. (Amend. Compl. ¶ 5.) Plaintiff asked if the cameras could be viewed to support his claim and was told to submit a B.P.8 about his claim. "When I filed the B.P.8 and B.P.9 I never received a response and was layman on how to proceed with my claim further." (Amend. Compl. ¶ 6.) "When I spoke to my unit team John Doe Jones, I was told that I was [past] my 20 day deadline." (Amend. Compl. ¶ 6.) Plaintiff spoke to several lieutenants, including "S.H.U. Lieutenant John Doe," who told plaintiff that his concerns were not the lieutenant's problem, since the incident happened in the new building and plaintiff was housed in the old S.H.U. (Amend. Compl. ¶ 7.)

Plaintiff requests that Warden John Doe submit the footage from the "N.I.C.E. camera" for the week prior to March 27, 2013 "to show that I have factual allegations about correctional officer John Doe," along with documents and log entries "to show and prove that false reports were made." (Amend. Compl. ¶ 8.) "The camera would also show officer John Doe slamming me on my face while in cuffs." (Amend. Compl. ¶ 8.)

Plaintiff's initial complaint sought $1,000,000 in damages, but failed to name individual defendants who could be held liable for violations of his constitutional rights pursuant to *Bivens v.*

2

*Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court's October 28, 2015 Order directed plaintiff to name individual defendants, identifying the roles each played in the incident. Although the Amended Complaint fails to name defendants in the caption, it does mention several John Doe defendants who are alleged to have violated plaintiff's constitutional rights. Accordingly, the Clerk of Court is directed to amend the caption of the action to include the John Doe defendants named in the Amended Complaint: John Does # 1-5, Correctional Officers at MDC; Lieutenant John Doe in the Special Investigative Service; John Doe Jones; S.H.U. Lieutenant John Doe, and John Doe Warden.

However, the United States Marshals Service will not be able to serve these defendants without further identifying information. The problem encountered by plaintiff is a common one, as it is frequently difficult for incarcerated *pro se* litigants to identify individual correctional officers. One means of dealing with this problem would be to permit plaintiff to conduct discovery against the Warden of the MDC, to serve interrogatories and document requests in an effort to identify the individual officers, and, once identified, to ascertain their whereabouts for purposes of service. Then Plaintiff would amend his complaint and initiate service upon these defendants. This process is not only cumbersome for a *pro se* plaintiff, it often does not achieve the desired results. In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. Accordingly, and pursuant to *Valentin*, the Court requests that the United States Attorney's Office attempt to ascertain the identities of the individual correctional officials described in the Amended Complaint and provide their service addresses. The United States Attorney's Office need not undertake to defend or indemnify the United States or particular

individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*. The United States Attorney's Office is hereby requested to produce the information specified above regarding the identity and service addresses of these officers within 30 days of the date of this Order, or by December 18, 2015.

## **CONCLUSION**

The Clerk of Court is respectfully directed to amend the caption of this action to include the John Doe defendants and to send courtesy copies of plaintiff's Complaint, Amended Complaint, and this Order to the United States Attorney's Office. Once the U.S. Attorney's Office has provided the requested information for the John Doe defendants, the Clerk of Court is directed to further amend the caption of the Complaint to reflect that information and to issue summonses to those defendants. The United States Marshals Service is directed to serve copies of the filings, and the summonses on those defendants.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Dated: November 17, 2015
      Brooklyn, New York

U:\Pegues 111715.docx